## The Chicago and Iowa Railroad Company

*v.*

## Richard Davis.

Trespass — *by railway company in running trains over land.* Although a railway company may enter upon the lands of another without objection on his part, and construct its road across the same, and run its trains over the same, yet, if it operates its trains over such land after notice by the owner to cease, and before condemnation and payment of damages, it will be liable to the owner in trespass for damages for running its trains across his lands after such notice.

Appeal from the Circuit Court of Kane County; the Hon. Hiram H. Cody, Judge, presiding.

This was an action of trespass *quare clausum fregit,* by Richard Davis against the Chicago and Iowa Railroad Company.

It appears the road was constructed across the plaintiff's land with his knowledge and without objection on his part, and that sometime afterwards proceedings were had to condemn the land, and the plaintiff's damages assessed, but not paid. Afterwards, in November, 1873, the plaintiff notified the defendant to stop running its trains across his lands; and on failure to observe such notice this suit was brought to recover damages. A trial was had, resulting in a verdict and judgment in favor of the plaintiff for $55.

Mr. B. F. Parks, for the appellant.

Mr. S. W. Brown and Mr. A. J. Hopkins, for the appellee.

Mr. Justice Dickey delivered the opinion of the Court:

This was an action of trespass. The verdict and judgment went for plaintiff for damages $55. Defendant appeals to this court.

It appears from the proof that, about 1870, the railroad

company constructed a railroad across the lands of plaintiff, and have been running trains over the same ever since. A stipulation as to the facts was made, stating that, at the time of the construction of the road, plaintiff was the owner of the land in question and was then in possession thereof, and had so continued until this action was brought.

The proof shows that the construction of the road across plaintiff's lands was with plaintiff's knowledge and that he made no objection thereto, although he often talked with the employees of the railroad company, and interposed a request now and then as to the location of the line, and relating to cattle-crossings, some of which were complied with.

The proof also shows that, after the adoption of our Constitution of 1870, at the request of the railroad company, three commissioners were appointed to assess damages for the right of way ; and plaintiff, having knowledge of this proceeding, encouraged these commissioners to award as to his damages, and it was done. The proof tends to show that, when the commissioners were about to act, plaintiff declared that he had consented to claim no damages for the right of way in case a depot should be established at the center of the town, but as he had no faith in railroad companies he told the commissioners to proceed with the assessment as though there was no arrangement about the depot ; and that this was done. The plaintiff, in his testimony, swears very positively that he never made any agreement with the railroad company to grant the right of way without compensation, and even denies the conversations attributed to him by some of defendant's witnesses. The jury, in view of the instructions of the court, have found the truth to be with plaintiff on this question.

In November, 1873, plaintiff notified defendant to cease running trains across his lands. An examination of the proofs in the record, and of the instructions given by the

court, makes it plain that the damages found by the jury were merely for the running of trains across plaintiff's land after the notice of November, 1873, and before the bringing of the action. After a careful reading of the evidence we think the verdict is sustained by the proofs; and we find nothing in the rulings of the court, as to instructions, of which defendant has any just ground for complaint.

*Judgment affirmed.*